UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BARSTOW, an individual and borrower,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., et. al.<br><br>Defendants. | No. 2:18-cv-00840-JAM-KJN<br><br>**ORDER DENYING DEFENDANT SPS' MOTION TO DISMISS AND MOTION TO STRIKE;**<br><br>**SUA SPONTE ORDER REMANDING ACTION** |

On March 7, 2017, Plaintiff Gregory Barstow ("Barstow" or "Plaintiff") brought the following claims against Defendants JP Morgan Chase Bank, N.A. ("JPM") and Select Portfolio, Servicing, Inc. ("SPS" or "Defendant") in the Superior Court of California for the County of San Joaquin ("Superior Court") based on Defendants' treatment of Plaintiff's mortgage loan modification application: (1) violation of California Business and Professions Code § 17200, et seq.; (2) violation of the covenant of good faith and fair dealing under oral agreement; (3) negligence; and (4) actual fraud under Cal. Civ. Code § 1572(3)(5). Compl., ECF No. 1-1. Plaintiff seeks $57,200 in damages. Id., ¶¶ 38, 73,

1

76, 100, 121, 133, 167, 171.

On April 6, 2018, Defendants filed their Notice of Removal with this Court. Not. of Removal, ECF No. 1. Shortly thereafter, Defendant filed a motion to dismiss Plaintiff's complaint and a motion to strike portions of the complaint. ECF Nos. 3-4. Plaintiff opposed and argued the Court lacks subject matter jurisdiction. Opp., ECF No. 7, at 1-2. For the following reasons, the Court sua sponte remands this case to San Joaquin County Superior Court and denies Defendant's pending motions as moot.

I. OPINION

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 961 (9th Cir. 2003)). 28 U.S.C. § 1332(a) provides district courts with "original jurisdiction" over matters based on diversity of citizenship. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). A defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Federal courts are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. See Attorneys Trust

v. Videotape Comput. Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

The removal statute should be strictly construed in favor of remand and against removal. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendant removed this action based on diversity of citizenship and the amount in controversy meeting the $75,000 threshold. Reply, ECF No. 8, at 1-2. Defendant argues that because Plaintiff seeks injunctive relief, the amount in controversy is the full value of the mortgage loan—$359,000. Id. Defendant cites Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 (9th Cir. 2011) to support this argument. Id. In Chapman, the Ninth Circuit found the plaintiff's quiet title action satisfied the amount in controversy requirement because the object of the litigation was the property, which was assessed at a value of more than $200,000. 651, F.3d at 1045, n.2. But the plaintiffs in Chapman, unlike Plaintiff here, sought a quiet title judgment determining that they were the owners of the disputed and foreclosed property. 651 F.3d at 1041.

In Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 775-76 (9th Cir. 2017), the Ninth Circuit clarified its holding from Chapman: "[w]hen a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property" and "the value of

3

the property or the amount of indebtedness on the property is a proper measure of the amount in controversy." The Ninth Circuit further held that, in cases where the plaintiff seeks a temporary injunction pending review of a loan modification application, "the amount in controversy does not equal the value of the property or amount of indebtedness." Id. at 776. This is because, even if the plaintiff succeeds in her or his lawsuit, they would not be able to retain possession and ownership of the subject property without paying off their debt. Id.

Here, Plaintiff does not seek a permanent injunction and only seeks monetary damages of $57,200. See Compl., ¶¶ 38, 73, 76, 100, 121, 133, 167, 171. While Plaintiff states in the first paragraph of the complaint that he seeks "injunctive relief", Plaintiff does not ask for a permanent injunction anywhere in the complaint, including the Prayer for Relief. See Compl. Chapman is not applicable here and the Court finds that the amount in controversy requirement has not been met, i.e. the amount in controversy is determined by Plaintiff's request for $57,200 in damages. This Court lacks diversity jurisdiction and therefore remands this case to the San Joaquin County Superior Court. See Corral, 878 F.3d at 775-776; see also Lenau v. Bank of America, N.A., 131 F.Supp.3d 1003, 1005-06 (E.D. Cal. 2015) (remanding action to state court because the amount in controversy was not the entire amount of the loan since the plaintiff sought injunctive relief to enjoin a foreclosure sale pending a decision on the loan modification application).
///
///

II. ORDER

For the reasons set forth above, the Court remands this case to the Superior Court for the County of San Joaquin.

Defendant's motion to dismiss the complaint and motion to strike portions of the complaint are denied as moot.

IT IS SO ORDERED.

Dated: July 11, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE